UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

JELANI RONDELL ROGERS,

         Plaintiff,

   -against-

                10 CIV 9285 (JPO)

YONKERS POLICE DEPARTMENT, DETECTIVE
CARTAGENA – YONKERS POLICE DEPARTMENT,
DETECTIVE MONTALVO – YONKERS POLICE
DEPARTMENT, DETECTIVE SGT. RINALDI,
YONKERS POLICE DEPARTMENT, OFFICERS
DIBENEDETTO and MERANTE and OFFICER
KEPPLER 852

         Defendants.
-------------------------------------------------------------------------X


## DEFENDANTS' MEMORANDUM OF LAW


       Edward P. Dunphy
       Corporation Counsel
       Attorney for Defendants
       City Hall Room 300
       Yonkers, NY 10701
       (914) 377-6256
       By: Rory McCormick (RM 3994)
       Associate Corporation Counsel

## PRELIMINARY STATEMENT

Plaintiff, Jelani Rogers (hereinafter the "Plaintiff"), commenced the instant civil action claiming that his civil rights were violated when he was arrested by detectives from the Yonkers Police Department on October 29, 2010 for attempted murder in connection with an incident on Mulberry Street in Yonkers that occurred on October 23, 2010, where shots were fired.  Plaintiff's causes of action against defendants are for false arrest, an illegal search of his home and vehicle, as well as property damage.

Defendants, Detective Cartagena, Detective Montalvo, Detective Rinaldi, as well as Officers Dibenedetto, Merante, Keppler and the Yonkers Police Department move for summary judgment pursuant to Federal Rules of Civil Procedure 56 on the following grounds:  1)  The evidence establishes as a matter of law that probable cause existed for defendants to arrest plaintiff as demonstrated by his indictment and subsequent conviction for attempted criminal possession of a weapon in the second degree;  2)  the defendants' search of plaintiff's apartment was conducted pursuant to a search warrant and did not constitute a violation of plaintiff's civil rights;  3)  the defendants are immune from liability in accordance with the doctrine of qualified immunity;  4)  each and every one of plaintiff's remaining claims are unsustainable and should be dismissed as a matter of law.

## STATEMENT OF FACTS

The pertinent facts are set forth in the Statement of Material Facts Pursuant to Local Rule 56.1 (the "Statement").  In order to avoid burdening the Court with another full recitation of the facts, such facts set forth in the Statement are incorporated by reference herein but will not be repeated.

1

## SUMMARY JUDGMENT STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure states that summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56 (c)). Facts are deemed material only when they might affect the outcome of the case under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To present a "genuine" issue of material fact, there must be contradictory evidence "such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In determining whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be believed" and the court must draw "all justifiable inferences" in favor of the nonmoving party. Id. At 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)). Nevertheless, once the moving party has shown that there is no genuine issue as to any material facts and that it is entitled to a judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial,' "Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis in original) (citiation omitted) (quoting Fed. R. Civ. P. 56 (e)), and "may not rely on conclusory allegations or unsubstantiated speculation," Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998) (citations omitted). In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." Anderson, 477 U.S at 256. Where "the nonmoving party bears the

burden of proof at trial, summary judgment is warranted if the nonmovant fails to 'make a showing sufficient to establish the existence of an element essential to [its] case.' " Nebraska v. Wyoming, 507 U.S. 584, 590 (1993) (quoting Celotex, 477 U.S. at 322). Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996) (citing Anderson, 477 U.S. at 247-48).

**ARGUMENT**

**I. PLAINTIFF'S FALSE ARREST CLAIM MUST BE DISMISSED
AS A MATTER OF LAW**

A claim for false arrest is cognizable both at common law and pursuant to Section 1983 as a violation of the Fourth Amendment. Weyant v. Okst, 101 F. 3d 845, 852 (2d Cir. 1996). The elements of a federal claim for false arrest under Section 1983 and the state-law version of the tort are "substantially the same." Id. To state a claim for false arrest under New York law, "a plaintiff must show that (1) the defendant intended to confine that plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003). Whether brought under Section 1983 or state law, probable cause is a complete and absolute defense to a claim for false arrest. Bernard v. United States, 25 F.3d 98, 103 (2d Cir. 1994).

Probable cause is assessed using an objective standard that focuses on the totality of the circumstances presented "to the arresting officer at the time of the arrest." Devenpeck v. Alford, 547 U.S. 146, 152 (2004); Jaegly v. Couch, 439 F.3d 149, 153 (2d

3

Cir. 2006). Probable cause does not require that an arresting officer have absolute

certainty about the circumstances surrounding a possible crime prior to arresting a

suspect. See Illinois v. Gates, 462 U.S. 213, 238 (1983); probable cause only requires

that an officer have " 'knowledge of reasonable trustworthy information sufficient to

warrant a person of reasonable caution in the belief that an offense has been committed

by the person to be arrested,' " Singer v. Fulton Co. Sheriff, 63 F. 3d 110, 119 (2d Cir.

1995) (quoting Calamia v. City of New York, 879 F. 2d 1025, 1032 (2d Cir. 1989).

When reviewing the propriety of a false arrest claim on summary judgment, the Court

must "focus on the validity of the arrest, and not the validity of each charge."  Jagely v.

Couch, 439 F.3d 149, 154 (2d cir. 2006).

Probable cause to arrest is established conclusively where the defendant pleads

guilty to a criminal offense. Devito v. Barrant, 2005 U.S. Dist. LEXIS 22444, at *14

(E.D.N.Y. Aug. 23, 20005);  Smith v. P.O. Canine Dog Chaz, Shield No. 170, 2004 U.S.

Dist. LEXIS 19623, at * 18-20 (S.D.N.Y. Sept. 28, 2004).  Here, it is undisputed that

plaintiff pled guilty to the offense of attempted criminal possession of a weapon in the

second degree in connection with his October 29, 2010 arrest. (See, Exhibit "K").  Thus,

plaintiff's guilty plea establishes probable cause to support the arrest. Accordingly,

plaintiff's claim for false arrest cannot prevail as a matter of law.

Moreover, the evidence reveals that Detectives Cartagena and Montalvo had

probable cause to arrest plaintiff for the attempted murder of Little at the time plaintiff

was arrested. In this regard Detective Cartagena had observed the gunshot hole in the

rear driver's seat as well as a spent bullet inside the vehicle that Little was inside of at the

time of the shooting (See, Exhibit "E"). Detectives interviewed Little, Anderson,

4

Ramierez and plaintiff relative to the shooting (See, Exhibit "E"). Plaintiff's arrest was

based upon probable cause, given that information provided to Detectives Cartagena and

Montalvo by Mr. Little and Mr. Anderson led to his arrest. It is well settled that "[a] law

endforcement official has probable cause to arrest if he received his information from

some person, normally the putative victim or eyewitness, who it seems reasonable to

believe is telling the truth." Miloslavsky v. AES Eng'g Soc'y, Inc., 808 F. Supp. 351,

355 (S.D.N.Y. 1992). The defendants learned that plaintiff had a motive to shoot Little

and had been threatening to kill Little prior to the incident. The defendants further

determined that Ramierez was angry with Little as a result of their relationship ending a

few months prior to the shooting incident. Moreover, Anderson positively identified

plaintiff as the shooter (See, Exhibits "E" and "H").

    Accordingly, it is beyond question that Detectives Cartagena and Montalvo had

probable cause to arrest plaintiff in connection with the shooting of Mr. Little. Thus,

plaintiff's false arrest claim must be dismissed as a matter of law.

## II. THE DEFENDANTS ARE PROTECTED BY QUALIFIED IMMUNITY

    Detectives Cartagena and Montalvo are protected by qualified immunity.

Qualified immunity shields government officials from liability for civil damages as a

result of their performance of discretionary functions, and serves to protect government

officials from the burdens of costly, but insubstantial, lawsuits. Lennon v. Miller, 66

F.3d 416, 420 (2d Cir. 1995) (qualified immunity applied to false arrest claims).

    Even if Detective Cartagena and Montalvo did not have probable cause to arrest

plaintiff, they nonetheless would be protected by qualified immunity. Officers

performing discretionary functions enjoy a qualified immunity which protects them from

personal liability for acts insofar that the acts do not violate clearly established rights of

which a reasonable person would have known, or insofar that the officers had an

objectively reasonable belief that their acts did not violate those rights. Martinez v. City

of Schenectady, 115 F.3d 111, 114-15 (2d Cir. 1997) (qualified immunity protects

officers who had reasonable grounds to believe in probable cause, even if warrant was

later found defective); Steiner v. City of New York, 920 F. Supp. 333, 339-40 (E.D.N.Y.

1996) (qualified immunity protects officers who hear allegations of crime, saw an order

of protection, and was aware of signs of crime, despite being told conflicting stories). It

was objectively reasonable for Detectives Cartagena and Montalvo given the facts known

to them at the time of plaintiff's arrest to believe that probable cause existed for arresting

plaintiff for the attempted murder of Little based on their observations of the gunshot

hole and spent bullet in Little's vehicle as well as their follow up investigation which

revealed that plaintiff had been threatening to kill Little and both Anderson and Little

positively identified plaintiff as the shooter. Consequently, Detectives Cartagena and

Montalvo are entitled to qualified immunity.

### III. PLAINTIFF'S REMAINING CLAIMS MUST BE DISMISSED

Plaintiff alleges in his Complaint that his apartment was improperly searched after

he was arrested. In fact, the defendants obtained a search warrant for plaintiff's

apartment in an attempt to recover the gun that he fired on the night in question. On

October 29, 2010 Judge Martinelli of the Yonkers City Court signed a search warrant for

plaintiff's apartment (See, Exhibits "J" and "E"). A search of the apartment was

conducted and no firearm was recovered. Accordingly, plaintiff's claim of an improper

search of his apartment is without merit.

6

Plaintiff further alleges that the vehicle he drove as he was getting on the entrance ramp to the Saw Mill Parkway when he was stopped and arrested was improperly searched. Plaintiff was pulled over and taken into custody without incident (See, Exhibit "E"). Plaintiff was asked if there were any firearms in the vehicle, to which he replied on several occasions, "go ahead and check my truck, I'm not hiding shit" (See, Exhibit "E"). The truck was in complete disarray with missing interior panels (See, Exhibit "E"). Plaintiff's vehicle was impounded from the entrance ramp of the Saw Mill Parkway for safekeeping and an inventory prior to towing revealed no firearms (See, Exhibits "E" and "O"). According to the Complaint, plaintiff's vehicle was released in the custody of his relatives a few weeks after his arrest (See, Exhibits "M" and "U"). It should be noted that both Ramierez's and Little's vehicles were also impounded pending the investigation (See, Exhibits "P" and "Q"). Thus, plaintiff's claim that his vehicle was improperly searched is unfounded.

Lastly, plaintiff alleges that various items of his property from his vehicle and apartment are either missing or destroyed. In opposing summary judgment, plaintiff may not rely on the mere allegations of his complaint, but must point to specific evidence in the record." Salahuddin v. Goord, 467 F.3d 263, 273 (2d Cir. 2006). No such record evidence exists with respect to his alleged damaged or missing property. Moreover, there is no evidence that any of the individual defendants took or destroyed plaintiff's property. In order for a plaintiff to maintain a colorable § 1983 claim against a defendant, a plaintiff must establish a defendant's personal involvement in the challenged activity. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Apart from the false arrest

7

allegations against defendants Cartagena and Montalvo, plaintiff has not established the personal involvement of any of the remaining individual defendants.

## IV. PLAINTIFF'S CLAIM AGAINST THE CITY OF YONKERS POLICE DEPARTMENT MUST BE DISMISSED AS A MATTER OF LAW

Plaintiff includes the "City of Yonkers Police Department" as a defendant in his amended complaint. However, the Yonkers Police Department is not a legally distinct entity capable of being sued. Hoisington v. County of Sullivan, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999) ("under New York law, a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence.") See, Jenkins v. City of New York, 478 F. 3d 76, 93 n. 19 (2d Cir. 2007). Therefore, all claims against Yonkers Police Department must be dismissed as a matter of law.

## CONCLUSION

For the reasons stated above, it is respectfully requested that defendants' motion for summary judgment be granted and that the Complaint be dismissed in its entirety, together with costs, fees and such other and further relief as the Court deems just and proper.

Dated:  Yonkers, New York
        May 21, 2012                    Yours, etc.,

                                        Edward P. Dunphy
                                        Corporation Counsel
                                        Attorney for Defendant
                                        THE CITY OF YONKERS
                                        City Hall, Room 300
                                        Yonkers, New York 10701
                                        (914) 377-6256

                          By:    _____
                                        Rory McCormick (RM 3994)
                                        Associate Corporation Counsel

8

TO:    Jelani Rondell Rogers – ID# 48646
        Downstate Correctional Facility
        Box F
        Red School House Road
        Fishkill, New York 12524-0445